IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01808-BNB

RICKY CHAMBERS,

    Applicant,

v.

ANGEL MEDINA (Warden), and
ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Ricky Chambers, is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Mr. Chambers has filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction and sentence in Arapahoe County District Court case number 03CR2839.

    On July 13, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On September 6, 2012, Respondents filed their Pre-Answer Response (ECF No. 13). On September 25, 2012, Mr. Chambers filed a reply to the Pre-Answer Response (ECF No. 14).

    The Court must construe the application and other papers filed by Mr. Chambers

liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as untimely.

Mr. Chambers was convicted by a jury of second degree kidnapping, two counts of second degree assault, felony menacing, and tampering with physical evidence. *See People v. Chambers*, No. 04CA1781 (Colo. App. Mar. 27, 2008) (unpublished) (ECF No. 13-4). The two convictions for second degree assault merged (*see* ECF No. 13-4 at 3; ECF No. 13-15 at 10), and Mr. Chambers was sentenced to a total term of 44½ years in prison. The judgment of conviction was affirmed on direct appeal. (*See* ECF No. 13-4.) On August 18, 2008, the Colorado Supreme Court denied Mr. Chambers' petition for writ of certiorari on direct appeal. (*See* ECF No. 13-6.)

On December 31, 2008, Mr. Chambers filed in the trial court a postconviction motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. (*See* ECF No. 13-15 at 9.) On January 7, 2009, the trial court denied the Rule 35(b) motion. (*See id.*) Mr. Chambers did not appeal the denial of the Rule 35(b) motion.

Mr. Chambers alleges in the application that he filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure on January 28, 2010. Although the state court register of actions indicates that the Rule 35(c) motion was filed on February 8, 2010 (*see* ECF No. 13-15 at 7), the Court will assume for the purposes of this order, as Respondents do in their Pre-Answer Response, that the Rule 35(c) motion was filed on January 28, 2010. The trial court denied the Rule 35(c)

motion on April 5, 2010.  (*See id.*; *see also* ECF No. 1 at 20-23.)  The trial court's order denying the Rule 35(c) motion was affirmed on appeal.  *See People v. Chambers*, No. 10CA1003 (Colo. App. Dec. 15, 2011) (unpublished) (ECF No. 13-11).  On April 9, 2012, the Colorado Supreme Court denied Mr. Chambers' petition for writ of certiorari in the postconviction Rule 35(c) proceedings.  (*See* ECF No. 13-13.)

Mr. Chambers commenced this action on July 11, 2012, and he asserts three claims for relief: (1) that his rights under the Fourteenth Amendment were violated because there was insufficient evidence to support his conviction for second degree kidnapping; (2) that his rights to due process and equal protection and the prohibition against double jeopardy were violated because the trial court permitted two convictions for second degree assault; and (3) that counsel was ineffective by failing to conduct an independent investigation and interview with a witness who was present when Mr. Chambers committed the crimes for which he was convicted.

Respondents first assert that the instant action is barred by the one-year limitation period in 28 U.S.C. § 2244(d), and Mr. Chambers agrees that the instant action is untimely in the absence of equitable tolling.  However, in order to determine whether equitable tolling is appropriate, the Court finds it helpful to determine what specific periods of time count against the one-year limitation period.  Therefore, the Court will discuss how the one-year limitation period in § 2244(d) applies to the facts of this case.  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Chambers' conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Chambers had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court

denied his petition for writ of certiorari on direct appeal on August 18, 2008, but he did not do so.  Therefore, the Court finds that Mr. Chambers' conviction became final on November 17, 2008, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.[1]

The Court also finds that the one-year limitation period began to run on November 17, 2008, because Mr. Chambers does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claim before his conviction became final.  See 28 U.S.C. § 2244(d)(1)(B) - (D).

The next question the Court must answer is whether the one-year limitation period was tolled for any period of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions

---

[1] The ninetieth day after August 18, 2008, was Sunday, November 16, 2008.  Therefore, the filing period extended until Monday, November 17, 2008.  See Sup. Ct. R. 30.1.

>precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Mr. Chambers filed a postconviction Rule 35(b) motion on December 31, 2008, that was denied by the trial court on January 7, 2009. Although Mr. Chambers did not appeal from the denial of the Rule 35(b) motion, the one-year limitation period was tolled until the time for filing a notice of appeal expired. *See id.* In 2009, the applicable Colorado rule provided that a notice of appeal must be filed within forty-five days. *See* Colo. App. R. 4(b)(1). Therefore, the time from December 31, 2008, through February 23, 2009, the last day on which Mr. Chambers could have filed a notice of appeal from the denial of the Rule 35(b) motion,[2] do not count against the one-year limitation period.

---

[2] The forty-fifth day after January 7, 2009, was Saturday, February 21, 2009. Therefore, the filing deadline extended until Monday, February 23, 2008. *See* C.A.R. 26(a).

However, the 43 days between November 17, 2008, and December 31, 2008, do count against the one-year limitation period. Therefore, when the one-year limitation period began to run again on February 23, 2009, only 322 (365 minus 43) days of the one-year limitation period remained.

The Court will assume for the purposes of this order that Mr. Chambers filed his postconviction Rule 35(c) on January 28, 2010, which was 339 days after February 23, 2009. Because the Rule 35(c) motion was not filed within 322 days after February 23, 2009, the one-year limitation period expired before the Rule 35(c) was filed and the Rule 35(c) motion did not toll the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Therefore, the Court agrees with the parties that the instant action is barred by the one-year limitation period in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'"

*Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Chambers argues that equitable tolling is appropriate in this action because he has no formal legal training, he suffers from unspecified mental and learning disabilities, and he made diligent efforts to develop and present his claims in state court by seeking appointment of counsel and the use of the trial record prior to filing the Rule 35(c) motion. Mr. Chambers also argues that equitable tolling is appropriate pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), because he was denied counsel in connection with the Rule 35(c) proceedings and he raised in the Rule 35(c) motion a substantial claim that trial counsel was ineffective.

Mr. Chambers' lack of formal legal training is not an extraordinary circumstance that might justify equitable tolling of the one-year limitation period. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of the law is not an extraordinary circumstance). Absent any explanation of how he was prevented from pursuing his claims, Mr. Chambers' unspecified mental and learning disabilities also do not rise to the level of extraordinary circumstances. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (finding that dyslexia is not a ground for equitable tolling of the one-year limitation period). With respect to Mr. Chambers' argument that he made diligent efforts to develop and present his claims in state court by seeking appointment of counsel and the use of the trial record prior to filing the Rule 35(c) motion, the Court notes that diligence alone is not sufficient to support equitable tolling and a lack of legal assistance is not an extraordinary circumstance. *See Miller*, 141 F.3d at 976 (lack of legal assistance not an extraordinary circumstance).

Mr. Chambers' reliance on *Martinez* also does not persuade the Court that

equitable tolling is appropriate in this action. The Supreme Court in *Martinez* addressed "whether ineffective assistance [of counsel] in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." *Martinez*, 132 S. Ct. at 1315. The Supreme Court answered that question as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320. However, the Supreme Court in *Martinez* did not address the one-year limitation period in § 2244(d) or the issue of equitable tolling in any context. Therefore, although *Martinez* might be relevant if Mr. Chambers were seeking to overcome a procedural default in the context of exhaustion of state court remedies, nothing in *Martinez* demonstrates the existence of any extraordinary circumstances sufficient to justify equitable tolling of the one-year limitation period. In essence, Mr. Chambers is arguing that equitable tolling is appropriate under *Martinez* because he was denied counsel in connection with the filing of his state court postconviction Rule 35(c) motion. However, as noted above, a lack of legal assistance is not an extraordinary circumstance that arguably might justify equitable tolling. *See Miller*, 141 F.3d at 976. Therefore, the Court finds that Mr. Chambers fails to allege facts that demonstrate equitable tolling of the one-year limitation period is appropriate in this action.

For these reasons, the Court finds that this action is barred by the one-year limitation period and the action will be dismissed for that reason. Because the Court

has determined that the entire action is time-barred, the Court need not address Respondents' alternative arguments regarding exhaustion of state court remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  28th  day of   September  , 2012.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court